1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6               FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   MARGOT CAMP et al.,                    No. C -13-03386(EDL)

9          Plaintiffs,                     **ORDER**

10    v.

11  JEFFREY P ALEXANDER DDS, et al,

12         Defendants.
    _____/

13

14        This is a putative wage-and-hour class action.  Plaintiffs, current and former employees of

15  Defendants' dental office, allege class-wide claims for unpaid wages, overtime, missed rest breaks,

16  and meal periods.  The issue before the Court at the hearing on January 21, 2014 was whether this

17  case should go forward, given the status of citations issued against one of the Defendants by the

18  California Department of Labor Standards Enforcement ("DLSE"), which had been dismissed

19  without prejudice.  The Court stated at the hearing that until there was finality with respect to those

20  DLSE citations, the federal case should be stayed.  Prior to the Court's issuing an order staying the

21  case, the DLSE informed the parties that it dismissed the citations with prejudice.  Docket No. 91.

22  This action by the DLSE clears the way for Plaintiffs to proceed with their case.

23

24  **I.      Background**

25        On April 16, 2013, Plaintiffs' counsel wrote a letter to the California Labor and Workforce

26  Development Agency ("LWDA") notifying it, pursuant to the provisions of California Labor Code

27  section 2699 (the Private Attorney General Act, or "PAGA"),  that he represented employees of

28  Defendants who had numerous legal claims.  On May 16, 2013, the LWDA responded to Plaintiffs'

    April 16, 2013 notice letter that it intended to investigate the claims.  On September 13, 2013, the

California Labor Commissioner issued four citations for wage and hour violations against the

corporate Defendant, Jeffrey P. Alexander, D.D.S., a Dental Corporation dba The Youthful Tooth.

In October of 2013, Defendants filed a motion for partial summary judgment, arguing that

the

DLSE citations barred Plaintiffs' PAGA claims in this case.  Defendants argued that Plaintiffs' First,

Second, Third, Fourth, and Tenth claims are barred by PAGA, specifically California Labor Code

section 2699(h), which states:

> No action may be brought under this section by an aggrieved employee if the agency or any
> of its departments . . . . on the same facts and theories, cites a person within the time frames
> set forth in Section 2699.3 for a violation of the same section or sections of the Labor Code
> under which the aggrieved employee is attempting to recover a civil penalty on behalf of
> himself or herself or others or initiates a proceeding pursuant to section 98.3.

Cal. Labor Code § 2699(h).  Defendants contend that the citations are based on identical facts,

theories, and laws as Plaintiffs' claims: 1) alleged meal period violations pursuant to Labor Code

Section 512 and IWC Wage Order 4-2001 § 11(A), same as Plaintiffs' first claim; 2) alleged rest

break violations pursuant to IWC Wage Order 4-2001 § 12, same as Plaintiffs' second claim; 3)

alleged overtime violations pursuant to Labor Code § 510, same as Plaintiffs' third claim; and 4)

alleged minimum wage violations pursuant to Labor Code § 1197, same as Plaintiffs' fourth claim.

In October of 2013 [sic] Shortly before the hearing on that motion, on November 14, 2013, the Deputy Chief Labor

Commissioner, Ethera Clemons, sent a letter to Defendants notifying them that the DLSE citations

were being dismissed without prejudice, and that it was "the intent of the Division of Labor

Standards Enforcement that the parties that submitted the PAGA notice dated April 16, 2013, which

concerned the matters covered by the four citations may proceed in place of the State Labor

Commissioner to recover all penalties that had been sought in the withdrawn citations pursuant to

California Labor Code Section 2699 et seq. as well as wages that may be recoverable under other

provisions of the law."  Docket No. 45-1.

At the hearing on November 26, 2013, the Court postponed ruling on Defendants' Motion for

Partial Summary Judgment and Plaintiff's Motion to Amend/Correct the Complaint until the parties

clarified the effect of the dismissal without prejudice of the DLSE citations.  The Court ordered the

parties to file short supplemental briefs and to lodge the transcripts of depositions taken by

2

1   Defendants' counsel of two DLSE employees with the Court.  The parties subsequently filed several

2   more motions, and as mentioned above, the DLSE has notified the parties that the citations have

3   been dismissed with prejudice.  Docket No. 91.

4         The motions currently before the court are Defendants' Motion for Partial Summary

5   Judgment (Docket No. 19), Plaintiffs' Motion for Leave to Amend/Correct the Complaint (Docket

6   No. 15), Defendants' Request to Stay (Docket No. 66), Defendants' Motion to Compel the DLSE

7   employees Defendants deposed to answer questions and produce subpoenaed documents (Docket

8   No. 72), Plaintiffs' Motion to Compel the production of documents and responses to interrogatories

9   (Docket No. 59), and Plaintiffs' Motion to Quash the subpoenas to the DLSE employees and for a

10  protective order (Docket No. 77).

11

12  **II.     Discussion**

13

14        **A.     Defendants' Request for a Stay, Defendants' Motion to Compel, and Plaintiffs'**

15              **Motion to Quash**

16        Defendants maintain that their due process rights were violated when the DLSE withdrew the

17  September 13, 2013 citations against them without prejudice and vacated the appeal hearing that

18  they were entitled to under California Labor Code § 1197.1(c).  Defendants also argue that there is

19  evidence of collusion between Plaintiffs' counsel and the DLSE and that the ex parte

20  communications between Plaintiffs' counsel and the DLSE was improper.  Defendants request that

21  the Court grant their previously filed Motion for Partial Summary Judgment (which would stop

22  Plaintiff's PAGA claims from going forward) or, in the alternative, stay the federal case pending

23  further DLSE action.  Plaintiffs deny any collusion, although Plaintiffs' counsel acknowledges that

24  he contacted the DLSE and spoke to a number of employees there.  Plaintiffs argue that the content

25  of Plaintiffs' counsel's discussions and correspondence with DLSE staff members is protected by

26  the common interest privilege.  For the reasons stated at the hearing and below, the Court will not

27  address the parties' due process, collusion, and privilege arguments.

28        After the Court's initial hearing on Defendants' Motion for Partial Summary

United States District Court
For the Northern District of California

Judgment, Defendants' counsel deposed Deputy Chief Labor Commissioner Ethera Clemons, who signed the document that dismissed the September 13 citations without prejudice, and David Balter, a DLSE attorney.  Ms. Clemons testified that she was the decision maker who dismissed the citations without prejudice after talking with Mr. Balter, who prepared the dismissal letter. Declaration of Bernadette Bantly ISO Request for Stay ("Bantly Decl. 1") Ex. F (Clemens Depo.) at 15:25-19:11.  Ms. Clemons stated that she had been with the DLSE for more than 36 years and could not recall another situation where citations were dismissed without prejudice.  Id. at 14:7-16.  She testified that she made the decision to withdraw the citations based on a conversation with Mr. Balter.  Id. at 15:25-19:14.  Ms. Clemons testified that the citations could not be reinstated, but that new citations could be issued based on the same facts and time periods.  Id. at 23:20-24:14.

Mr. Balter, the DLSE attorney, testified that he, too, was unaware of any other DLSE citations issued against an employer that were dismissed without prejudice.  Bantly Decl. 1 Ex. E (Balter Depo.) at 37:5-13.  He stated that he did not know for certain whether the DLSE would have the power to reinstate the citations once they were dismissed without prejudice, but acknowledged that it was "a possibility.  If something is dismissed without prejudice, implicitly it could be resumed at a different point in time, statutes of limitations and so on notwithstanding . . .."  Id. at 48:25-49:19. Plaintiff points out that both Ms. Clemons and Mr. Balter testified at their depositions that the DLSE would not reinstate the citations, citing the same sections as above, but a more complete examination of the record shows that both acknowledged, as noted above, that the citations could be resumed at a later time or new citations issued on the same facts.

It is undisputed that Plaintiffs' counsel, Kevin Woodall, had repeated phone and e-mail contact with DLSE staff members in the time leading up to the withdrawal of the citations against Defendants.  See Balter Depo. at 30:18-31:15.  Steven Beckelman, the DLSE attorney who defended Mr. Balter's deposition, also acknowledged communicating with Mr. Woodall.  Id. at 33:2-16. Both DLSE deponents were advised by Mr. Beckelman not to answer questions regarding communications with Mr. Woodall based on the common interest privilege.  Plaintiffs maintain that they are "jointly prosecuting these claims" with the DLSE, and therefore, the correspondence and

4

United States District Court
For the Northern District of California

1  conversations between Plaintiffs' counsel and the DLSE are privileged.  See Transcript of 11/26/13

2  Hearing, at 4:4-7.  Defendants argue that the communications between Plaintiffs' counsel and the

3  DLSE were ex parte and improper, and forbidden by both the federal and California Administrative

4  Procedures Acts.  See 5 U.S.C. § 557; Cal. Gov. Code § 11340.  Defendants contend that they were

5  denied due process because of this ex parte communication and because the DLSE did not hold an

6  appeal hearing, which cost Defendants money and time spent in preparation.  Plaintiffs also argue

7  that Defendants were not denied due process rights, because the PAGA citations were dismissed

8  before the date of the evidentiary hearing, and therefore Defendants had no right to the hearing

9  under California Labor Code § 1197.1.  Defendants have filed a motion to compel the DLSE

10  employees to answer further questions and produce further documents, and Plaintiffs have filed a

11  motion to quash Defendants' subpoena and for a protective order shielding the DLSE employees

12  from further discovery.

13      Defendants' due process complaints are not properly before the Court.  Defendants' dispute

14  here is with the DLSE, which is not a party to the case.  The Court requested that Defendants lodge

15  the depositions of the DLSE employees with the Court because those depositions could illuminate

16  the status of the DLSE's citations against Defendant.  The issue before the Court at the time of the

17  hearing – whether the citations were dismissed so that Plaintiffs' PAGA claims can go forward, or

18  whether the citations could be revived at a later point – was answered sufficiently by both

19  deponents.  The Court will not delve further into what communication occurred between Plaintiffs'

20  counsel and a non-party, or opine on whether that non-party agency should or should not have held

21  an appeal hearing or taken any other particular step.  Nor will the Court compel DLSE employees to

22  answer more questions or produce documents.  The issue of whether the common interest privilege

23  applies to the conversations between Plaintiffs' counsel and the DLSE is also not properly before the

24  Court.  The only reason to address the common interest privilege would be to further the Court's

25  understanding of Defendants' due process claims, which is not necessary to decide the issues

26  properly before the Court.

27      As noted above, the Court stated at the hearing that the federal case should be stayed,

28  pending the DLSE's final disposition of the citations against the corporate Defendant.  Those

United States District Court
For the Northern District of California

1  citations have now been dismissed with prejudice, and Defendant's Request for a Stay, Defendants'

2  Motion to Compel, and Plaintiffs' Motion to Quash are hereby denied.

3

4  **B.      Defendants' Motion for Partial Summary Judgment and Plaintiffs' Motion for**

5  **         Leave to Amend the Complaint**

6

7          Defendants' Motion for Partial Summary Judgment (Docket No. 19) was based entirely on

8  the argument that some of the Plaintiffs' claims were barred because of the DLSE citations.

9  Because the DLSE citations have been dismissed with prejudice, Defendants' Motion for Partial

10 Summary Judgment is denied.

11         Plaintiffs seek to leave to amend their Second Amended Complaint to:  add claims under

12 California Business and Professions Code § 17200, predicated on violations of the FLSA, and

13 PAGA against the individual Defendants, Jeffrey P. Alexander and Mary Jane Salazar; add a PAGA

14 claim against the corporate Defendant, Jeffrey P. Alexander D.D.S. dba The Youthful Tooth

15 Company based on Labor Code violations not addressed in the DLSE citations; and correct a

16 typographical error in the Plaintiff Yadira Rodriguez's name.  Docket No. 16.  Plaintiffs argue that

17 PAGA claims may be brought against corporate agents such as officers and directors under Labor

18 Code § 558.  See Reynolds v. Bement, 36 Cal. 4th 1075, 1089 (2005), disapproved on other grounds

19 by Martinez v. Combs, 49 Cal. 4th 35 (2010).

20         Plaintiffs argue, correctly, that Federal Rule of Procedure 15(a)(2) calls for leave to amend to

21 be given freely, and that absent a showing of prejudice to another party, amendments are liberally

22 allowed in the Ninth Circuit.  See Fed. R. Civ. P. 15(a)(2); Keith v. Vople, 858 F.2d 467, 473 (9th

23 Cir. 1988).  Defendants' primary argument against Plaintiffs' motion is that the amendment would

24 be futile, because of the DLSE citations, and should therefore be denied.  See Carrico v. City &

25 County of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011) (futile to amend because statute of

26 limitations had run).  However, the DLSE citations have been dismissed with prejudice, and they no

27 longer stand in the way of Plaintiffs' pursuit of their claims.  Defendants are of course correct that

28 Plaintiffs may not recover more than once for each alleged compensable wrong, but that does not

United States District Court
For the Northern District of California

1   mean that Plaintiffs may not pursue relief based on multiple legal theories.  See Tavaglione v.

2   Billings, 4 Cal. 4th 1150, 1158-59 (1993) ("Regardless of the nature or number of legal theories

3   advanced by the plaintiff, he is not entitled to more than a single recovery for each distinct item of

4   compensable damage supported by the evidence.  Double or duplicative recovery for the same items

5   of damage amounts of overcompensation and is therefore prohibited.").

6        Plaintiffs' Motion for Leave to Amend the Complaint is granted.

7

8        **C.    Plaintiffs' Motion to Compel**

9

10       Plaintiffs' motion to compel seeks further responses from Defendants to interrogatories and

11  document requests.  The categories of requests are: 1) documents and information specific to the

12  four individual plaintiffs and their wage and hour claims, including personnel files, timecards,

13  employee handbooks, bonuses, and documents related to DLSE investigations; 2) documents and

14  information related to putative class members, including hours worked, rest periods taken, wages

15  paid, complaints, and dates of employment.  Plaintiffs claim that Defendants have not produced

16  relevant documents, but that from what they have produced, "it is clear that Defendants have

17  engaged in the wage and hour violations set forth in the Second Amended Complaint with respect to

18  all of its employees."  Docket No. 60 at 5.  Plaintiffs contend that they need this information to file a

19  class certification motion.  See Artis v. Deere & Co., 276 F.R.D. 348, 351 (N.D. Cal. 2011) (James,

20  J.) ("Discovery is likely warranted where it will resolve factual issues necessary for the

21  determination of whether the action may be maintained as a class action, such as whether a class or

22  set of subclasses exists.").  Finally, Plaintiffs argue that the requested information is not protected by

23  third-party privacy rights, because California and Federal courts have held that prospective class

24  Plaintiffs are entitled to the names, contact information, and other information about putative class

25  members in a wage and hour action.  See Puerto v. Superior Court, 158 Cal. App. 4th 1242, 1252-53

26  (2008) (allowing disclosure to Plaintiff's counsel the names and phone numbers of potential

27  witnesses in a grocery store wage and hour case).  Plaintiffs have proposed a protective order to

28  cover putative class members' contact information, timecards, and wage statements.

**United States District Court**
For the Northern District of California

1    Defendants' argue that the question of whether the Court may stay the case is pending, so

2   discovery is inappropriate (this was true at the time Defendants filed their opposition).  They note

3   that they have provided almost 1400 pages of documents, including Plaintiffs' timecards, timesheets,

4   wage statements, payroll summaries, personnel files, complaints, and Defendants' employee

5   handbook.  Defendants also point out that pre-class certification discovery should be limited, and

6   that plaintiffs must meet their burden of making a prima facie showing that Rule 23's requirements

7   are likely to be met.  See Artis v. Deere & Co., 276 F.R.D. 348, 351 (N.D. Cal. 2011).  Defendants

8   also argue that putative class members' employment information, timecards, and wage statements

9   are highly sensitive.

10    While Defendants are correct that financial information is highly sensitive, names, addresses,

11   and phone numbers are quite standard for pre-certification disclosures in the class action context.

12   See, e.g., Artis, 276 F.R.D. at 352 (collecting cases and allowing Plaintiff access to fellow employee

13   contact information in order to "determine whether Plaintiff's claims are typical of the class, and

14   ultimately whether the action may be maintained as a class action"); Hill v. Eddie Bauer, 242 F.R.D.

15   556, 564-65 (C.D. Cal. 2007) (allowing discovery of at least a "sampling" of timecards and wage

16   statements from across several stores).  Plaintiffs need not make a prima facie showing that Rule 23

17   class action requirements are satisfied, but rather can show "that discovery is likely to produce

18   substantiation of the class allegations."  Artis, 276 F.R.D. at 351.  Plaintiffs have shown that further

19   discovery is likely to produce substantiation of the class allegations.  They have filed a declaration

20   stating that the timecards, time punch reports, and wage statements of the four named Plaintiffs

21   demonstrate that Defendant did not compensate them for all the hours that they worked, and that the

22   wage statements do not provide the correct number of hours worked, the correct gross or net pay, or

23   the correct legal entity as the employer.  Woodall Decl. ¶ 9-12; Supp. Woodall Decl. ¶ 2-10, Exs. T-

24   Z.  According to Plaintiffs' declaration, the alleged wage and hour violations were extensive and

25   lasted for years.  Further, the DLSE issued citations for wage-and-hour violations affecting multiple

26   employees.

27    Plaintiff is entitled to some pre-class certification discovery, including the names and contact

28   information of putative class members.  The Court notes, however, that this motion was filed in

early December, shortly after the Court's first hearing on Defendants' Motion for Partial Summary Judgment and Plaintiffs' Motion for Leave to Amend, and just after the DLSE had notified the parties that it was dismissing the citations against the corporate Defendant without prejudice. Defendants considered this motion to be premature and unreasonable when it was filed because of the other issues before the Court, namely, the status of the DLSE citations and their impact on Plaintiffs' case. <u>See</u> Defendants' Opposition to Plaintiffs' Motion to Compel Ex. A (Email from Defendants' Counsel to Plaintiffs' Counsel suggesting that it was in all parties' best interest to wait on further discovery until the Court issued a ruling). This was a reasonable position for Defendants to take. Indeed, the Court told the parties at the last hearing that it would stay the case pending the final disposition of the DLSE citations, so it was appropriate that the parties did not move forward on discovery. Now the DLSE citations have been dismissed and Plaintiffs may proceed with their case. The parties do not appear to have met and conferred on discovery since November of 2013. The Court orders the parties to meet and confer on the issues raised in Plaintiffs' motion to compel, with the guidance that Plaintiffs are entitled to reasonable discovery into the contact information and wage and hour records of more than just the four named Plaintiffs. The Court grants Plaintiffs' motion in part without prejudice, subject to an agreement between the parties as to what documents and interrogatory responses will be produced. The parties shall reach such an agreement by Wednesday, February 26, 2014, and production shall be complete no later than March 21, 2014. If the parties are not able to agree, they shall, no later than Friday, February 28, 2014, file a joint letter of no more than five pages laying out their positions so that the Court can issue an order without further motion practice.

### III.    Conclusion

Defendants' Motion for Partial Summary Judgment (Docket No. 19) is DENIED. Plaintiffs' Motion for Leave to Amend/Correct the Complaint (Docket No. 15) is GRANTED. Defendants' Request to Stay (Docket No. 66) is DENIED. Defendants' Motion to Compel (Docket

No. 72) is DENIED.  Plaintiffs' Motion to Compel the production of documents and responses to interrogatories (Docket No. 59) is GRANTED in PART WITHOUT PREJUDICE.  Plaintiffs' Motion to Quash the subpoenas to the DLSE employees and for a protective order (Docket No. 77) is DENIED as MOOT.

**IT IS SO ORDERED.**

Dated: February 13, 2014

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

10