**WOODALL LAW OFFICES**
580 CALIFORNIA STREET, 16TH FLOOR
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE: (415) 439-4803
FACSIMILE: (866) 937-4109
KEVIN@KWOODALLLAW.COM

KEVIN F. WOODALL, BAR NO. 180650

ATTORNEYS FOR PLAINTIFFS, MARGOT CAMP,
ARCIVAL BUHAT, YADIRA RODRIGUEZ, CHRISTIAN DILAY
AND THOSE SIMILARLY SITUATED

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGOT CAMP, ARCIVAL BUHAT, YADIRA RODRIGUEZ, AND CHRISTIAN DILAY, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED, <br><br>PLAINTIFFS, <br><br>V. <br><br>JEFFREY P. ALEXANDER, D.D.S. DBA THE YOUTHFUL TOOTH COMPANY, A DENTAL CORPORATION; JEFFREY P. ALEXANDER, AN INDIVIDUAL; MARY JANE SALAZAR, AN INDIVIDUAL, AND DOES 1 THROUGH 10, INCLUSIVE, <br><br>DEFENDANTS. | CASE NO. C 13-03386 EDL <br><br>**PLAINTIFFS' NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO EXTEND ALTERNATIVE DISPUTE RESOLUTION DEADLINE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION** <br><br>DATE: TBD <br>TIME: TBD <br>CTRM: E, 15TH FLOOR <br>JUDGE: HON. ELIZABETH D. LAPORTE <br><br>CASE REMOVED: JULY 22, 2013 <br>TRIAL DATE: NONE SET |

TO DEFENDANTS JEFFREY P. ALEXANDER D.D.S. DBA THE YOUTHFUL TOOTH COMPANY, JEFFREY P. ALEXANDER AND MARY JANE SALAZAR AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on a date and time to be determined by the Court, as soon as counsel can be heard, Plaintiffs Margot Camp, Arcival Buhat, Christian Dilay and Yadira Rodriguez ("Plaintiffs") hereby apply to the Court *ex parte*, pursuant to Federal Rule of Civil Procedure 6(b) and Local Rule 7-10 for an Order extending the Alternative Dispute Resolution ("ADR") deadline from February 28, 2014 to May 30,

1  2014.

2       Plaintiffs made good faith efforts to stipulate with Defendants to extend the ADR
3  deadline, but the parties could not reach an agreement.  As a result, on February 20, 2014,
4  Plaintiffs' counsel advised Defendants' counsel that such an *ex parte* request would be
5  made to this Court on February 21, 2014.  Defendants' counsel indicated her clients
6  would oppose the *ex parte* application.  Plaintiffs have not sought or obtained any
7  previous extensions of time related to the ADR deadline.  Such an extension is timely,
8  necessary and should be granted because Defendants have refused to produce documents
9  relating to the Plaintiffs and putative class, which has prevented Plaintiffs from engaging
10  in a meaningful mediation.  Further, on January 21, 2014, the parties were informed that
11  the Court would stay the case, and the parties received notice on February 14, 2014 that
12  the stay would no longer be imposed.

13       This *Ex Parte* Application is based upon this Application, the Memorandum of
14  Points and Authorities, the declaration of Kevin Woodall, arguments of counsel, and
15  documents filed and entered in this case.

17  DATE:   FEBRUARY 21, 2014                    WOODALL LAW OFFICES

19                                              BY:   /S/ KEVIN F. WOODALL
                                                    KEVIN F. WOODALL
20                                              ATTORNEYS FOR PLAINTIFFS, MARGOT
                                                CAMP, ARCIVAL BUHAT, YADIRA
21                                              RODRIGUEZ AND CHRISTIAN DILAY, AND
                                                ALL SIMILARLY SITUATED FORMER AND
22                                              CURRENT EMPLOYEES

# MEMORANDUM OF POINTS AND AUTHORITIES

### The ADR Deadline Should Be Extended To May 30, 2014

Pursuant to Local Rule 7-10 and Federal Rule of Civil Procedure 6(b), upon a showing of good cause, the Court can grant an *ex parte* application extending the time within which any act is required. Here, there is good cause to extend the ADR deadline from February 28, 2014 to May 30, 2014 because Plaintiffs have requested, but not received necessary discovery to engage in a meaningful mediation session. Further, from January 21, 2014 until February 14, 2014, the Court informed the parties this action would be stayed. Finally, Plaintiffs have not previously sought to extend the ADR deadline.

Specifically, in late September, 2013, Plaintiffs propounded written discovery to Defendants seeking documents and information relating to the Plaintiffs and putative class members. (Woodall Decl., ¶ 2.) In November, 2013, Defendants refused to provide any documents or information relating to putative class members and did not provide all information and documents related to the Plaintiffs. (*Id.*) In early December, 2013, after Defendants refused to provide supplemental discovery, Plaintiffs filed a motion to compel to obtain documents and information relating to Plaintiffs and the putative class members. (*Id.* at ¶ 3.) On February 14, 2014, the Court ordered Defendants to produce additional discovery by the third week in March, 2014, after the parties engage in further meet and confer efforts and the Court resolves any remaining disputes regarding what additional discovery will be produced. (See Court Order.)

Moreover, in early December, 2013, Defendants asked the Court to stay this case until the Division of Labor Standard Enforcements ("DLSE") dismissed with prejudice the Private Attorneys General Act ("PAGA") citations. (Woodall Decl., ¶ 4.) At a hearing on January 21, 2014, the Court informed the parties that it would stay the case until the DLSE decides whether it will dismiss with prejudice the PAGA citations. (*Id.* at ¶ 5.) On February 14, 2014, a Court Order informed the parties that it would no longer

1  stay the action because in late January, 2014, after the January 21st hearing, the DLSE
2  dismissed with prejudice the PAGA citations.  (*Id.* at ¶ 6.)
3         Before the Court informed the parties that it would stay this action on January 21,
4  2014, Defendants' counsel proposed that the parties engage in mediation before Mark
5  Rudy in December, 2013 and January, 2014, including a mediation date of January 31,
6  2014. (*Id.* at ¶ 7.)  In early January, 2014, Plaintiffs' counsel informed Defendants'
7  counsel that the parties could not have a meaningful mediation without obtaining
8  information and documents related to the putative class members.  (*Id.* at ¶ 8, Exh. A.)
9  Further, Plaintiffs' counsel informed Defendants' counsel that the parties could meet the
10 February 28, 2014 ADR deadline if Defendants produced documents and information
11 soon thereafter.  (*Id.*)  As an alternative, Plaintiffs' counsel proposed that the parties
12 extend the ADR deadline by a couple of months, which would allow (1) the Court to rule
13 on Plaintiffs' pending motion to compel, (2) Plaintiffs to obtain any documents and
14 information ordered produced, and (3) Plaintiffs' expert an opportunity to review the
15 documents and information to make damages calculations.  (*Id.*)  Defendants refused to
16 produce documents and information to permit a meaningful mediation, and refused to
17 stipulate to move the ADR deadline.  (*Id.*)
18        On February 17, 2014, after the Court informed the parties that it would no longer
19 stay the case on February 14, 2014, Plaintiffs' counsel asked Defendants' counsel
20 whether her clients would stipulate to move the ADR deadline.  (*Id.* at ¶¶ 9-10, Exh. B.)
21 During meet and confer discussions, Defendants' counsel mentioned her clients would be
22 willing to extend the ADR deadline to the end of March, 2014, but refused to extend it to
23 a later date.  (*Id.*)  Plaintiffs' counsel reminded Defendants' counsel that it would not
24 receive the Court ordered documents relating to Plaintiffs and putative class members
25 until the third week of March, 2014, and that additional time would be needed to review
26 and analyze the documents before Plaintiffs could participate in a meaningful manner in
27 mediation.  (*Id.*)  On February 20, 2014, Defendants' counsel proposed a mediation date
28 of February 28, 2014, but due to the same concerns, Plaintiffs' counsel asked Defendants

1  to agree to participate in mediation in or around May, 2014, and stipulate to extend the
2  ADR deadline accordingly, but Defendants refused. (*Id.*) As an alternative, knowing a
3  February 28th mediation date would be premature due to Defendants' failure to provide
4  discovery, Plaintiffs proposed that Defendants pay the mediation costs, but Defendants
5  refused. (*Id.*)

In summary, given that Plaintiffs have not received necessary discovery to engage in a meaningful mediation, the parties were informed this action was stayed from January 21, 2014 until February 14, 2014, and Plaintiffs have not previously requested to extend the ADR deadline, there is good cause to extend the ADR deadline. Accordingly, Plaintiffs submit that the ADR deadline should be extended from February 28, 2014 until May 30, 2014.

DATE:  FEBRUARY 21, 2014                WOODALL LAW OFFICES

BY:  /S/ KEVIN F. WOODALL
           KEVIN F. WOODALL
ATTORNEYS FOR PLAINTIFFS, MARGOT CAMP, ARCIVAL BUHAT, YADIRA RODRIGUEZ AND CHRISTIAN DILAY, AND ALL SIMILARLY SITUATED FORMER AND CURRENT EMPLOYEES