IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGOT CAMP et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>JEFFREY P ALEXANDER DDS, et al,<br><br>    Defendants.<br>_____ / | No. C -13-03386(EDL)<br><br>**ORDER REGARDING ADR SCHEDULE** |

    The Court issued an order on February 14, 2014 that addressed many of the issues in this putative wage-and-hour class action and ordered production of documents related to the potential class of Defendants' employees by March 21, 2014. Docket No. 92 at 9. The parties stipulated to a mediation deadline of February 28, 2014 in September 26, 2013. Docket No. 13.

    Plaintiffs have filed an ex parte application requesting that the ADR deadline be extended from February 28, 2014 to May 30, 2014. Docket No. 94. They argue that they have not received sufficient discovery to engage in a meaningful mediation session, and point out that for several weeks in January and February of this year they thought the case would be stayed.

    Defendants oppose the extension of the mediation deadline, and have filed both an opposition to Plaintiffs' ex parte request and a noticed motion to compel mediation and for contempt sanctions, as well as a motion to shorten time for the hearing of those motions. Docket Nos. 97, 98, 99. Defendants point out that Plaintiffs' ex parte request is improper because it was made fewer than 14 days before the deadline it seeks to extend, in violation of ADR Local Rules 6-4(b) and 6-5(a). Defendants also observe that Plaintiffs selected the mediator (Mark Rudy) and Defendants agreed to the selection; Defendants proposed a number of dates to Plaintiffs during December and January, but Plaintiffs refused. On February 20, 2014, Defendants learned that February 28, 2014 –

the day of the mediation deadline – was available. Defense counsel advised Plaintiffs' counsel of the date, and he agreed to mediate on that date as long as Defendants paid all costs. Docket No. 99-1, at 3. Defense counsel agreed to pay 75% of the costs, but Plaintiffs' counsel refused to proceed, and shortly thereafter filed his ex parte request to continue the mediation deadline. Defendants ask that the Court compel mediation by March 31, 2014 and order Plaintiffs to pay the full cost as a sanction.

The hearing set for April 1, 2014 is hereby VACATED and the motion to shorten time is DENIED AS MOOT. Defendants' motion for sanctions is DENIED. Defendants' motion to compel arbitration is GRANTED IN PART AND DENIED IN PART. The Court orders that the deadline for the parties to participate in private mediation is moved to April 15, 2014. The parties are hereby ordered to split the costs of mediation evenly between them.

**IT IS SO ORDERED.**

Dated: February 25, 2014

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge