**WOODALL LAW OFFICES**
580 CALIFORNIA STREET, 16TH FLOOR
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE: (415) 439-4803
FACSIMILE: (866) 937-4109
KEVIN@KWOODALLLAW.COM

KEVIN F. WOODALL, BAR NO. 180650

ATTORNEYS FOR PLAINTIFFS, MARGOT CAMP,
ARCIVAL BUHAT, YADIRA RODRIGUEZ, CHRISTIAN DILAY
AND THOSE SIMILARLY SITUATED

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGOT CAMP, ARCIVAL BUHAT, YADIRA RODRIGUEZ, AND CHRISTIAN DILAY, INDIVIDUALLY AND ON BEHALF OF THOSE SIMILARLY SITUATED,<br><br>PLAINTIFFS,<br><br>V.<br><br>JEFFREY P. ALEXANDER, D.D.S. DBA THE YOUTHFUL TOOTH COMPANY, A DENTAL CORPORATION; JEFFREY P. ALEXANDER, AN INDIVIDUAL; MARY JANE SALAZAR, AN INDIVIDUAL, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>DEFENDANTS. | CASE NO. C 13-03386 EDL<br><br>**DECLARATION OF KEVIN WOODALL IN SUPPORT OF PLAINTIFFS' *EX PARTE* APPLICATION TO ENJOIN DEFENDANTS AND THEIR COUNSEL FROM COMMUNICATING WITH PUTATIVE CLASS MEMBERS AND TO ALLEVIATE DAMAGE RELATED TO DEFENDANTS' PAST IMPROPER COMMUNICATIONS**<br><br>DATE:  TBD<br>TIME:  TBD<br>CTRM:  E, 15TH FLOOR<br>JUDGE:  HON. ELIZABETH D. LAPORTE<br><br>CASE REMOVED:  JULY 22, 2013<br>TRIAL DATE:  NONE SET |

I, Kevin Woodall, declare as follows:

1.  I am an attorney duly licensed to practice before all federal and state courts in the State of California, including this Court, and an owner of the Woodall Law Offices, counsel for Plaintiffs Margot Camp, Arcival Buhat, Yadira Rodriguez and Christian Dilay ("Plaintiffs") in this action. All of the matters stated within this declaration are within my personal knowledge. I am fully competent to testify as to all of the matters contained within this declaration.

2. On February 26 and 27, 2014, Bernadette Bantly (Defendants' counsel) informed me that she had obtained declarations from putative class members, but she did not disclose how many declarations had been obtained. Attached hereto as Exhibit A is a true and correct copy of her correspondence.

3. At or about 5:00 p.m. on February 28, 2014, I received Defendants' portion of a joint brief regarding discovery issues, along with two exhibits. As Plaintiffs were submitting exhibits with a separate declaration, I asked Ms. Bantly to separately file her exhibits with her own declaration, which she did. After filing the joint brief, I reviewed the exhibits presented by Ms. Bantly. One exhibit is a communication from Defendants to their current employees, the putative class members, which appears to have been drafted by Defendants' counsel. The other exhibit is an opt-out declaration provided by Defendants to their employees, which also appears to have been drafted by Defendants' counsel. Attached hereto as Exhibit B are true and correct copies of Defendants' communications to the putative class members.

4. Plaintiffs Margot Camp, Arcival Buhat, Yadira Rodriguez and Chris Dilay and I brought this action to collect unpaid wages and penalties owed by Defendants to all employees. Thus, Defendants' assertion to the putative class members that there were other improper motivations for bringing this case is false.

5. According to documents produced by Defendants, the Department of Labor ("DOL") only addressed a small portion of the claims in this lawsuit in an audit and for a shorter statute of limitations than exists in this lawsuit. Thus, Defendants did not pay all wages due to employees as a result of the DOL audit. Moreover, as the Court knows from past motion practice in this case, (1) the Division of Labor Standards Enforcement ("DLSE") made findings and issued Private Attorneys General Act ("PAGA") citations against Defendants that totaled over $1 million in unpaid wages and penalties; (2) Defendants never asserted its defenses to the citations at a hearing; (3) the DLSE never changed its opinion that the unpaid wages and penalties are due; and (4) the DLSE deputized Plaintiffs' counsel to bring the PAGA claims in this lawsuit. Attached hereto

2
DECLARATION OF KEVIN WOODALL IN SUPPORT OF EX PARTE APPLICATION

1  as Exhibits C through E are true and correct copies of DLSE citations and
2  correspondence from the DLSE.
3        6.      In early January, 2014, I informed Defendants' counsel that the parties
4  could not have a meaningful mediation without Plaintiffs obtaining information and
5  documents related to the putative class members.  Defendants refused to produce
6  documents and information to permit a meaningful mediation.  As a result, Plaintiffs filed
7  an *ex parte* application to move the ADR deadline and another motion to compel the
8  production of documents, both of which were granted in part by the Court.  Defendants
9  made insignificant settlement offers to each of the named Plaintiffs, in an apparent
10 attempt to pick off the named Plaintiffs and avoid class-wide and PAGA liability, which
11 were flatly rejected by Plaintiffs.
12       7.      On March 2, 2013, I informed Ms. Bantly that Plaintiffs intended to file this
13 *ex parte* application on March 3, 2013, unless Defendants would consent to the relief
14 sought.  On March 3, 2013, Ms. Bantly informed me that Defendants would oppose the
15 *ex parte* application.
16 I declare under penalty of perjury under the laws of the United States and the State
17 of California that the foregoing is true and correct.  Executed on March 3, 2014, at Corte
18 Madera, California.

                              /s/ Kevin F. Woodall
                              KEVIN F. WOODALL

3
DECLARATION OF KEVIN WOODALL IN SUPPORT OF EX PARTE APPLICATION