

ARTHUR W. CURLEY
ANN M. ASIANO
STEVEN D. BARRABEE
ADAM S. ABEL
MICHAEL KOWALSKI, D.D.S.
KEVIN M. SMITH
ROBERT W. MARCHI
MELISSA R. MEYERS
MARK R. GIBSON
JORDAN M. GREEN
PETER F. FINN
MATTHEW T. BRAND

*Of Counsel*

FREDERICK W. BRADLEY
JOHN A. CLEAVELAND
BERNADETTE M. BANTLY
PATRICIA H. PERRY

WWW.PROFESSIONALS-LAW.COM

1100 LARKSPUR LANDING CIRCLE
SUITE 200
LARKSPUR, CA 94939

TELEPHONE (415) 464-8888
FACSIMILE (415) 464-8887

REPLY TO:
▶ LARKSPUR

**SAN FRANCISCO**
One Embarcadero Center
Fifth Floor
San Francisco, CA 94111

**SACRAMENTO**
980 Ninth Street
Sixteenth Floor
Sacramento, CA 95814

**LOS ANGELES**
6080 Center Drive
Sixth Floor
Los Angeles, CA 90045

February 26, 2014

*Via E-Mail Only*
Kevin F. Woodall
Woodall Law Firm
580 California Street, 16th Floor
San Francisco, CA 94104

          Re:    **Margot Camp, et al. v. Jeffrey Alexander, et al.**
                **Our File: 8996-ALE**

Dear Mr. Woodall:

    As a follow-up to our discussion on Monday, this will serve as Defendants' further meet and confer effort and proposals relating to Plaintiffs' special interrogatories and document requests.

    As a preliminary matter we continue to be concerned that you have made no effort to define the putative class, either in your complaint or in the discovery. We believe that your definition of "Represented Employees" in your discovery requests (i.e., all non-exempt employees who worked for Defendants from April 2009 to the present), is inappropriate in that it is not tailored to the particular claims in your complaint. We ask that you delineate the specific classes and sub-classes in your response to this letter.

    Also, as I discussed with you on Monday, some current and former employees have indicated to my clients their desire <u>not</u> to be involved in this litigation and <u>not</u> to have their personal information provided to you. We will provide written confirmation of this fact, but do not intend to provide any information regarding those individuals other than their names. If you consider these individuals potential witnesses and wish to depose them, they can be contacted through me.

    Regarding the remaining current and former employees, we have carefully considered your position and again reviewed your discovery requests. Our proposal is to provide the following:

Kevin F. Woodall  
February 26, 2014  
Page 2

*Camp v Alexander*  
Our File: 8996

(1) A list identifying such employees by name and last known address, job title, office worked, hourly rate, date of hire and date of termination (if applicable);

(2) All time sheets/time cards for each employee during the applicable time period;

(3) Payroll summaries for each employee during the applicable time period;

(4) Wage statements for each employee during the applicable time period.

We believe that the foregoing proffered information reflects a very reasonable position for Defendants to take at this early stage of discovery and exceeds what the Court would require that we produce. Certainly this is enough information for you to file your motion for class certification and/or participate in a meaningful mediation.

In order to protect the privacy of these current and former employees, we will accept your proposal that the parties stipulate to a protective order that provides for this confidential information to be viewed by "attorneys eyes only" and not by your clients.

We believe that the foregoing information encompasses the information sought by the vast majority of the document requests and interrogatories which are disputed. In addition, based on specific concerns you raised on Monday, we also are willing to do the following:

(a) Confirm with our clients that all requested documents regarding Plaintiffs have previously been produced. You have indicated that you believe there are "missing" documents and have agreed to provide me with a list thereof which I will personally review with my clients;

(b) Produce all requested documents regarding meal periods and rest periods not previously produced;

(c) Determine what records are available in electronic format, if any, and produce such information; and

(d) Confirm with our clients that all documents relating to employee wage "complaints" identified in Document Request Nos. 11 & 21 have been produced. As I mentioned on Monday, the only such "complaints" that I am aware of were made by your client, Plaintiff Margot Camp, which have been produced. Again, I will revisit this issue and produce any additional information if it exists.

Kevin F. Woodall
February 26, 2014
Page 3

*Camp v Alexander*
Our File: 8996

    Except as provided above, we reiterate that Defendants will not prepare any summaries, analysis or calculations of the data for you. It is your burden to prove your claims and, in any event, our analysis of the facts is protected by the work product privilege. You can prepare your own summaries, analysis and calculations based on the information provided.

    Please let me know at your earliest convenience whether this proposal is agreeable to you. It would be a pleasant surprise if we could, for once, avoid burdening the Court further.

Very truly yours,

**BERNADETTE BANTLY**

BB/spc



ARTHUR W. CURLEY
ANN M. ASIANO
STEVEN D. BARRABEE
ADAM S. ABEL
MICHAEL KOWALSKI, D.D.S.
KEVIN M. SMITH
ROBERT W. MARCHI
MELISSA R. MEYERS
MARK R. GIBSON
JORDAN M. GREEN
PETER F. FINN
MATTHEW T. BRAND

*Of Counsel*

FREDERICK W. BRADLEY
JOHN A. CLEAVELAND
BERNADETTE M. BANTLY
PATRICIA H. PERRY

WWW.PROFESSIONALS-LAW.COM

1100 LARKSPUR LANDING CIRCLE
SUITE 200
LARKSPUR, CA 94939

TELEPHONE (415) 464-8888
FACSIMILE (415) 464-8887

REPLY TO:
▶ LARKSPUR

SAN FRANCISCO
One Embarcadero Center
Fifth Floor
San Francisco, CA 94111

SACRAMENTO
980 Ninth Street
Sixteenth Floor
Sacramento, CA 95814

LOS ANGELES
6080 Center Drive
Sixth Floor
Los Angeles, CA 90045

February 27, 2014

*Via E-Mail Only*
Kevin F. Woodall
Woodall Law Firm
580 California Street, 16th Floor
San Francisco, CA 94104

          Re:     <u>Margot Camp, et al. v. Jeffrey Alexander, et al.</u>
                   Our File: 8996-ALE

Dear Mr. Woodall:

        This will respond to your letter emailed yesterday evening.

        We will <u>not</u> provide any information (other than names) of current or former employees who have specifically indicated that they do not want to be part of this litigation and do <u>not</u> want their personal information provided. The case law you cited is unpersuasive. In *Crab Addison, Inc. v. Superior Court* (2008) 169 Cal.App.4th 958 the Court of Appeal based its finding on the absence of actual notice to the putative class members of the ongoing litigation, emphasizing:

> "there is nothing in the record to suggest that the employees who indicated they did not want their contact information disclosed to third parties, or they wanted to consider disclosure on a case-by-case basis, did so knowingly, that is, with knowledge of the pending litigation and the fact the release form would affect their ability to be included in the class." *Id.* at 972. As such, "[t]he language of the release forms was not sufficient to apprise employees that by checking the 'no' box they were declining to have their contact information released to 'plaintiffs seeking relief for violations of employment laws in the workplace that they shared.'" *Id*

And, in the second case you cite, *Puerto v. Superior Court* (2008) 158 Cal.App. 4th 1242, there were no forms signed by the employees at all indicating their preference.

Kevin F. Woodall
February 26, 2014
Page 2

*Camp v Alexander*
Our File: 8996

    Here, employees with full knowledge of the pending lawsuit have voluntarily decided that they do not want to participate and do not want their confidential information shared. In order to prove this, I am enclosing a sample declaration, which specifically states:

> 1. I am aware that Margot Camp, Arcival Buhat, Christian Dilay and Yadira Rodriguez ("Plaintiffs") have filed a lawsuit against Youthful Tooth on behalf of all employees alleging overtime, missed meal/rest periods, penalties and related claims. I understand that if this lawsuit is successful, I might be eligible to recover wages, penalties or other monetary relief, but that by signing this declaration I am giving up that right.
>
> 2. Understanding my rights, I choose not to participate in this lawsuit and hereby opt out of any potential "representative" and/or "class action" litigated by Plaintiffs.
>
> 3. I do not want my personal information, including my confidential wage and payroll information, to be provided to Plaintiffs in connection with this litigation.
>
> 4. I sign this Declaration voluntarily without pressure or fear of retaliation and with a full understanding that I am giving up my right to potentially recover monetary damages.

    As the foregoing shows, Defendants' employees who have opted out of participating in this lawsuit and having their personal information shared with you have done so knowingly. They don't want any part of your lawsuit. They are entitled to make their own choice, just as they are entitled to choose their forum for resolving any disputes. *See e.g., Iskanian v. CLS Transportation* (2012) 206 Cal.App. 4th 949 (All employment claims, including PAGA claims, subject to individual arbitration based on signed arbitration agreement). For these reasons, we will not produce any information (other than names) of these employees. Again, if you want to depose any of these employees as potential witnesses, Defendants will make them available.

    Regarding the remaining current and former employees, again, our proposal is to provide the following:

    (1)    A list identifying such employees by name and last known address, job title, office worked, hourly rate, date of hire and date of termination (if applicable);

    (2)    All time sheets/time cards for each employee during the applicable time period (April 2009 to the present);

    (3)    Payroll summaries for each employee during the applicable time period (April 2009 to the present);

    (4)    Wage statements for each employee during the applicable time period (April 2009 to the present).

Kevin F. Woodall  *Camp v Alexander*
February 26, 2014  Our File: 8996
Page 3

    We will not produce phone numbers. Numerous courts have allowed production of <u>only</u> names and addresses, particularly at this pre-certification stage. *See e.g., Morden v. T-Mobile USA, Inc.* 2006 WL 1727987. Courts recognize that phone numbers are more sensitive than names and addresses and often restrict disclosure prior to class certification. *See e.g., Torres v. CSK Auto, Inc.* 2003 WL 24330020 (denying access to sensitive information, including phone numbers, due to privacy concerns).

    In order to protect the privacy of these current and former employees, we must insist that ALL confidential personnel information be subject to a protective order to be viewed by "attorneys eyes only" and not by your clients.

    As previously stated, we will confirm with our clients that all requested documents regarding Plaintiffs have previously been produced. You have indicated that you believe there are "missing" documents and have agreed to provide me with a list thereof which I will personally review with my clients;

    We will produce all requested documents regarding meal periods and rest periods not previously produced. We will determine what records are available in electronic format, if any, and produce such information. We will confirm with our clients that all documents relating to employee wage "complaints" identified in Document Request Nos. 11 & 21 have been produced. And, as already indicated (and as appears all over the documents previously produced), the legal name of the employer in this case is Jeffrey P. Alexander, DDS, Inc..

    We will not provide further responses regarding interrogatories relating to unspecified "bonuses"as the interrogatories are hopelessly overbroad, vague, ambiguous, harassing, etc. We suggest that you narrow your request and identify the person(s) and bonus(es) you are specifically referring to. Likewise, we will not provide further responses to interrogatories relating to unspecified "wages and pay practices." Again, we urge you to be more specific.

    Finally, during the call on Monday, you did not say anything about "amended responses" and, quite frankly, given your voluminous (eights) sets of discovery, we believe that it is unnecessary and inappropriate for Defendants to have to provide amended responses. As a much more efficient and reasonable alternative, we agree to provide a single document supplementing our prior responses, as we have agreed, which I will have my client verify.

    Very truly yours,

    **BERNADETTE BANTLY**

BB/spc

## DECLARATION OPTING OUT OF LITIGATION

I, _____, as an employee of Jeffrey P. Alexander, D.D.S., Inc. A Dental Corporation dba Youthful Tooth Co. ("Youthful Tooth"), hereby state:

1. I am aware that Margot Camp, Arcival Buhat, Christian Dilay and Yadira Rodriguez ("Plaintiffs") have filed a lawsuit against Youthful Tooth on behalf of all employees alleging overtime, missed meal/rest periods, penalties and related claims. I understand that if this lawsuit is successful, I might be eligible to recover wages, penalties or other monetary relief, but that by signing this declaration I am giving up that right.

2. Understanding my rights, I choose not to participate in this lawsuit and hereby opt out of any potential "representative" and/or "class action" litigated by Plaintiffs.

3. I do not want my personal information, including my confidential wage and payroll information, to be provided to Plaintiffs in connection with this litigation.

4. I sign this Declaration voluntarily without pressure or fear of retaliation and with a full understanding that I am giving up my right to potentially recover monetary damages.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____        _____